# CASES ADJUDGED IN THE UNITED STATES COURT OF CUSTOMS APPEALS.

UNITED STATES *v.* PALM, FECHTELER & Co. (No. 921).[1]

DECALCOMANIAS NOT CERAMICS, METAL BACKED.

Application of the principles of statutory construction is not called for in this case, since there was a plain expression of intention that decalcomanias in ceramic colors if backed with metal leaf should pay a specified duty. But the decalcomanias of the importation are not of that described kind, and they fall appropriately under the classification "all other decalcomanias" in paragraph 412, tariff act of 1909.

United States Court of Customs Appeals, February 12, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7355 (T. D. 32452).

[Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is lithographically printed decalcomanias, not in ceramic colors, backed with metal leaf. They were assessed for duty at 65 cents per pound under the provisions of paragraph 412 of the tariff act of 1909, and by the importers claimed to be properly dutiable thereunder at the rate of 40 cents per pound.

The pertinent provisions of the paragraph are as follows:

412. * * * Decalcomanias in ceramic colors, weighing not over one hundred pounds per thousand sheets on the basis of twenty by thirty inches in dimensions, seventy cents per pound and fifteen per centum ad valorem; weighing over one hundred pounds per thousand sheets on the basis of twenty by thirty inches in dimensions, twenty-two cents per pound and fifteen per centum ad valorem; if backed with metal leaf, sixty-five cents per pound; all other decalcomanias, except toy decalcomanias, forty cents per pound; * * *.

The Board of General Appraisers sustained the protests.

The only question is, whether the phrase "if backed with metal leaf" in the next to the last clause of the quoted portion of the paragraph applies to *decalcomanias* backed with metal leaf or whether it only applies to *decalcomanias in ceramic colors* backed with metal leaf.

---

[1] Reported in T. D. 33195 (24 Treas. Dec., 234).

The Government contends for the former and the importers for the latter construction.

The quoted part of the paragraph, after providing for two classes of decalcomanias in ceramic colors, one weighing not over 100 pounds per thousand sheets on the basis of 20 by 30 inches in dimensions and the other weighing more than 100 pounds per thousand sheets on the same basis of size, the provisions for which are separated by semicolons, then proceeds to declare "if backed with metal leaf" the duty shall be at another rate, and that all other decalcomanias, except toy decalcomanias, shall take a still different rate of duty.

We think the punctuation and grammatical construction both plainly indicate that the words "if backed with metal leaf" relate to the same subject matter as the two preceding clauses, namely, "decalcomanias in ceramic colors," and that this conclusion is strengthened by the last provision, "all other decalcomanias, except toy decalcomanias."

But the Government claims that the first two provisions for decalcomanias in ceramic colors are sufficient to exhaust the whole class of ceramic-color decalcomanias, and, so assuming, that therefore the provision "if backed with metal leaf" must relate to decalcomanias not in ceramic colors, and bases a very ingenious and somewhat, at first blush, convincing argument in support of its contention on the history of the legislative proceedings in the enactment of this paragraph. The board, however, found that decalcomanias in ceramic colors backed with metal leaf are produced in commercial quantities. We think the evidence supports this finding of the board, and therefore the Government's contention falls because the assumed basis does not exist.

The rule that ordinarily the statute itself furnishes the best and safest guide to its interpretation and that the legislature will be presumed to have intended to mean what it has plainly expressed is so well settled that the citation of authorities is unnecessary.

It is equally well settled that when results flowing from an apparently plain meaning of a statute are ridiculous, absurd, or manifestly unjust, or will have the effect of rendering some other plain provision of the statute nugatory, it will not be presumed that the lawmaking body so intended, and further inquiry may be had. But the conditions which warrant such inquiry are not present here, and we think it must be presumed that Congress intended what it has so plainly expressed, namely, that decalcomanias in ceramic colors if backed with metal leaf shall pay a specific duty of 65 cents per pound. The merchandise here, however, is not such decalcomanias, but appropriately falls under the last classification in the paragraph as other decalcomanias, not toys, and is dutiable as claimed by the importers.

The judgment of the Board of General Appraisers is *affirmed*.